UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

─────────────────────────────────────────

JAMES P. LASKY,

                Plaintiff,

     v.                               Civil Action No._____

EXCEL ACQUISITIONS, LLC and        **JURY TRIAL DEMANDED**
LACY KATZEN LLP.


                Defendants.

─────────────────────────────────────────


## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.  This is an action for actual damages, statutory damages, attorneys fees and costs brought by an individual consumer for Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA").

### II. JURISDICTION AND VENUE

2.  Subject Matter Jurisdiction of this Court for Plaintiff's FDCPA claims arise under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Venue in this Honorable Court is proper under 28 U.S.C. §1391(b) in that Defendant is deemed a resident of the State of New York pursuant to 28 U.S.C. §1391(c), and/or a substantial part of the events or omissions giving rise to the claims alleged in this complaint occurred within this district.

### III. PARTIES

4.  Plaintiff James P. Lasky is a natural person residing in the County of Erie and State of New York.

5.  Defendant Excel Acquisitions, LLC (hereinafter "Excel") is a limited liability company organized and existing under the laws of the State of Massachusetts, and is a "debt collector" as that term is defined by 15 U.S.C § 1692a(6).

6.  Defendant Lacy Katzen, LLP ("Lacy, Katzen") is a law firm organized as a limited liability partnership under the laws of the State of New York, and is a "debt collector" as that term is defined by 15 U.S.C § 1692a(6).

7.  Defendants, and each of them, regularly attempts to collect debts alleged to be due another.

8.  The acts of Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9.  All references to "Excel" and/or "Lacy Katzen" herein shall mean said Defendant or an employee of said Defendant.

10. That at all times relevant herein, Lacy Katzen acted as agent for Excel.

11. That all acts and omissions of Lacy Katzen alleged in this complaint were performed within the scope of their actual and apparent authority provided to them by Excel.

## IV. FACTUAL ALLEGATIONS

12. That Plaintiff incurred a credit card obligation to Providian National Bank  in the 1990's. Said obligation will hereinafter be referred to as "the subject debt.

13. That the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

14. That Plaintiff defaulted on the subject debt in approximately 2000.

15. That the subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16. That the debt was charged off by Providian National Bank in March of 2001.

17. Plaintiff never used the aforementioned credit card, nor did he otherwise reaffirm his obligation to pay the subject debt after 2000.

18. Upon information and belief, under the terms of his credit card agreement, it was agreed by Providian National Bank and Plaintiff that the laws of the State of New Hampshire would govern the account, including any litigation ensuing thereon.

19. That Providian National Bank was a national bank chartered and located in New Hampshire at the time the credit card was issued to Plaintiff, and through the time that Plaintiff defaulted on the subject debt.

20. That Excel alleges that it was assigned the subject debt by Providian National Bank at some point after Plaintiff's default.

21. That in 2006, Excel hired Lacy Katzen to attempt to collect the subject debt.

22. That on April 16, 2010, Lacy Katzen filed a lawsuit to collect the subject debt in the City Court for the City of Buffalo, in the State of New York.

23. That the aforementioned lawsuit was filed after the applicable statute of limitations governing the subject debt had expired.

24. That Excel did not have standing to file a lawsuit on the subject debt as it does not possess documents establishing that they properly purchased and own said debt.

25. Upon information and belief, neither Defendant possesses sufficient documentation of Plaintiff's liability on the subject debt in the amount alleged, nor would they be able to prove same in a court of law.

26. That after Plaintiff obtained an attorney, Defendants agreed to dismiss the aforementioned Buffalo City Court lawsuit.

27. That on or about April 22, 2010, Plaintiff spoke to an employee of Lacy Katzen.  Plaintiff began coughing.  Lacy Katzen asked Plaintiff why he was coughing.  Plaintiff explained that he had two tumors on his liver.  The employee laughed at the Plaintiff in response.

28. That by reason of the actions of Defendants, and each of them, described in this complaint, Plaintiff suffered actual damages, and became humiliated, nervous, anxious, upset, and suffered from emotional distress.


V. CAUSE OF ACTION

29. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 28 above.

30. That Defendants violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C.§ 1692f by commencing a lawsuit against Plaintiff on the subject debt after the statute of limitations had expired, and without adequate proof of Plaintiff's liability on the subject debt.

31. That Lacy Katzen violated 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(2) by laughing at Plaintiff when he stated he had two tumors on his liver.

32. That Excel is liable to Plaintiff for all violations of the FDCPA committed by Lacy Katzen pursuant to the laws of agency.

33. That as a result of the Defendants FDCPA violations alleged herein, Plaintiff suffered actual damages, including but not limited to emotional distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against each of the Defendants, and each of them, for:

(a)  actual damages;

(b)  statutory damages pursuant to 15 U.S.C. § 1692k.

(c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d)  For such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED.**

Dated: July 26, 2010

/s/ Kenneth R. Hiller_____
BY: Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Office of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
         sandrews@kennethhiller.com